UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Petitioner,

v.

STATE OF MICHIGAN,

    Respondent,
_____/

Civil No. 2:22-CV-13027
HONORABLE SEAN F. COX
CHIEF UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER: (1) DISMISSING AS DUPLICATIVE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Latausha Simmons, ("Petitioner"), presently residing at 20500 Dean Street in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, petitioner seeks to bar her retrial in the 37th District Court in Warren, Michigan for attempting to oppose a police officer, claiming that the Double Jeopardy Clause prohibits her retrial after a Macomb County Circuit judge reversed her conviction on appeal after finding the evidence to be insufficient to convict. Petitioner also filed a motion for a stay of the state court proceedings.

Petitioner previously filed a petition for writ of habeas corpus, which challenges the same pending charge and raises claims and arguments that are identical to the ones raised in the current petition. Petitioner's first petition remains pending before Judge Bernard A. Friedman. *See Simmons v. People of the State of Michigan,* No. 2:22-CV-12721 (E.D. Mich.)(Friedman, J.). No decision has been rendered in that case.

### I. DISCUSSION

The instant petition is subject to dismissal because it is duplicative of petitioner's pending habeas action in Case # 2:22-CV-12721.

1

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being duplicative of her still pending first habeas petition, because both cases seek the same relief. *Id.; See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 1989 WL 25837, * 1 (6th Cir. Mar. 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Warren v. Booker*, No. 06-CV-14462-DT, 2006 WL 3104696, at * 1 (E.D. Mich. Oct. 31, 2006)(same). The instant petition challenges the same pending criminal charge and raises the same claims as the petition in the case pending before this Court in petitioner's previously filed habeas petition. Accordingly, this petition for writ of habeas corpus will be dismissed.

## II. CONCLUSION

The Court will summarily dismiss the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid

2

claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because her current petition is duplicative of her still pending habeas petition. *See Maske v. Murphy*, 357 F. App'x. 981, 982-83 (10th Cir. 2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III. ORDER

IT IS ORDERED that the petition is SUMMARILY DISMISSED.

Petitioner is denied a certificate of appealability or leave to appeal *in forma pauperis*.

Dated: December 21, 2022                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge